1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10
11  SCOTT N. JOHNSON,              No. 2:09-cv-02995-MCE-EFB
12          Plaintiff,
13      v.                         <u>PRETRIAL SCHEDULING ORDER</u>
14  STEPHEN W. HOPSON, et al.,
15          Defendants.
    _____/
16
17      After reviewing the parties' Joint Status Report, the Court
18  makes the following Pretrial Scheduling Order.
19      I.   <u>SERVICE OF PROCESS</u>
20      All named Defendants have been served and no further service
21  is permitted without leave of court, good cause having been
22  shown.
23      II.  <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>
24      No joinder of parties or amendments to pleadings is
25  permitted without leave of court, good cause having been shown.
26  ///
27  ///
28  ///

                                1

III. <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. section 1331 and 42 U.S.C. section 12101 et seq. Jurisdiction and venue are not contested.

IV.  <u>DISCOVERY</u>

All discovery, with the exception of expert discovery, shall be completed by **April 21, 2011.** In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

V.   <u>DISCLOSURE OF EXPERT WITNESSES</u>

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **June 21, 2011.**[1] The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

///

///

///

---

[1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

1    Within twenty (20) days after the designation of expert
2  witnesses, any party may designate a supplemental list of expert
3  witnesses who will express an opinion on a subject covered by an
4  expert designated by an adverse party.  The right to designate a
5  supplemental expert for rebuttal purposes only shall apply to a
6  party who has not previously disclosed an expert witness on the
7  date set for expert witness disclosure by this Pretrial
8  Scheduling Order.

9    Failure of a party to comply with the disclosure schedule as
10  set forth above in all likelihood will preclude that party from
11  calling the expert witness at the time of trial.  An expert
12  witness not appearing on the designation will not be permitted to
13  testify unless the party offering the witness demonstrates:
14  (a) that the necessity for the witness could not have been
15  reasonably anticipated at the time the list was proffered;
16  (b) that the Court and opposing counsel were promptly notified
17  upon discovery of the witness; and (c) that the witness was
18  promptly made available for deposition.

19    For purposes of this Pretrial Scheduling Order, an "expert"
20  is any person who my be used at trial to present evidence under
21  Rules 702, 703, and 705 of the Federal Rules of Evidence, which
22  include both "percipient experts" (persons who, because of their
23  expertise, have rendered expert opinions in the normal course of
24  their work duties or observations pertinent to the issues in the
25  case) and "retained experts" (persons specifically designated by
26  a party to be a testifying expert for the purposes of
27  litigation).
28  ///

1   Each party shall identify whether a disclosed expert is
2   percipient, retained, or both.  It will be assumed that a party
3   designating a retained expert has acquired the express permission
4   of the witness to be so listed.  Parties designating percipient
5   experts must state in the designation who is responsible for
6   arranging the deposition of such persons.

7   All experts designated are to be fully prepared at the time
8   of designation to render an informed opinion, and give their
9   bases for their opinion, so that they will be able to give full
10  and complete testimony at any deposition taken by the opposing
11  party.  Experts will not be permitted to testify at the trial as
12  to any information gathered or evaluated, or opinion formed,
13  after deposition taken subsequent to designation.

14  Counsel are instructed to complete all discovery of expert
15  witnesses in a timely manner in order to comply with the Court's
16  deadline for filing dispositive motions.

17  VI.   <u>MOTION HEARING SCHEDULE</u>

18  The Plaintiff's dispositive motion shall be filed by
19  **June 30, 2011.**  Defendants' opposition and cross-motion shall be
20  filed by **July 21, 2011.**  Plaintiff's reply and opposition shall
21  be filed by **August 4, 2011.**  Defendants' reply shall be filed by
22  **August 18, 2011.**  Hearing on such motions shall be on **August 25,**
23  **2011,** at **2:00 p.m.**  The opposition and reply must be filed by
24  **4:00 p.m.** on the day due.

25  The time deadline for disposition motions does not apply to
26  motions for continuances, temporary restraining orders or other
27  emergency applications.
28  ///

1    All purely legal issues are to be resolved by timely

2   pretrial motions.  Failure to comply with Local Rules 230 and

3   260, as modified by this Order, may be deemed consent to the

4   motion and the Court may dispose of the motion summarily.

5   Further, failure to timely oppose a summary judgment motion[2] may

6   result in the granting of that motion if the movant shifts the

7   burden to the nonmovant to demonstrate that a genuine issue of

8   material fact remains for trial.

9    The Court places a page limit of twenty (20) pages on all

10  initial moving papers, twenty (20) pages on oppositions, and ten

11  (10) pages for replies.  All requests for page limit increases

12  must be made in writing to the Court setting forth any and all

13  reasons for any increase in page limit at least fourteen (14)

14  days prior to the filing of the motion.

15   For the Court's convenience, citations to Supreme Court

16  cases should include parallel citations to the Supreme Court

17  Reporter.

18   The parties are reminded that a motion _in_ _limine_ is a

19  pretrial procedural device designed to address the admissibility

20  of evidence.  The Court will look with disfavor upon

21  dispositional motions presented at the Final Pretrial Conference

22  or at trial in the guise of motions _in_ _limine_.

23  ///

24  ///

25  ///

26

27       [2] The Court urges any party that contemplates bringing a
    motion for summary judgment or who must oppose a motion for
28  summary judgment to review Local Rule 260.

1   The parties are cautioned that failure to raise a

2   dispositive legal issue that could have been tendered to the

3   court by proper pretrial motion prior to the dispositive motion

4   cut-off date may constitute waiver of such issue.

5       VII.  <u>FINAL PRETRIAL CONFERENCE</u>

6       The Final Pretrial Conference is set for **December 15, 2011**

7   at **2:00 p.m.**  At least one of the attorneys who will conduct the

8   trial for each of the parties shall attend the Final Pretrial

9   Conference.  If by reason of illness or other unavoidable

10  circumstance a trial attorney is unable to attend, the attorney

11  who attends in place of the trial attorney shall have equal

12  familiarity with the case and equal authorization to make

13  commitments on behalf of the client.

14      Counsel for all parties are to be fully prepared for trial

15  at the time of the Final Pretrial Conference, with no matters

16  remaining to be accomplished except production of witnesses for

17  oral testimony.

18      The parties shall file, not later than **November 23, 2011**, a

19  Joint Final Pretrial Conference Statement.  The provisions of

20  Local Rules 281 shall apply with respect to the matters to be

21  included in the Joint Final Pretrial Conference Statement.  In

22  addition to those subjects listed in Local Rule 281(b), the

23  parties are to provide the Court with a plain, concise statement

24  that identifies every non-discovery motion tendered to the Court

25  and its resolution.  Failure to comply with Local Rule 281, as

26  modified by this Pretrial Scheduling Order, may be grounds for

27  sanctions.

28  ///

6

1    At the time of filing the Joint Final Pretrial Conference

2  Statement, counsel shall also electronically mail to the Court in

3  digital format compatible with Microsoft Word or WordPerfect, the

4  Joint Final Pretrial Conference Statement in its entirety

5  including the witness and exhibit lists.  **These documents shall**

6  **be sent to: mceorders@caed.uscourts.gov.**

7    The parties should identify first the core undisputed facts

8  relevant to all claims.  The parties should then, in a concise

9  manner, identify those undisputed core facts that are relevant to

10 each claim.  The disputed facts should be identified in the same

11 manner.  Where the parties are unable to agree as to what

12 disputed facts are properly before the Court for trial, they

13 should nevertheless list all disputed facts asserted by each

14 party.  Each disputed fact or undisputed fact should be

15 separately numbered or lettered.

16   Each party shall identify and concisely list each disputed

17 evidentiary issue which will be the subject of a motion in

18 limine.

19   Each party shall identify the points of law which concisely

20 describe the legal issues of the trial which will be discussed in

21 the parties' respective trial briefs.  Points of law should

22 reflect issues derived from the core undisputed and disputed

23 facts.  Parties shall not include argument or authorities with

24 any point of law.

25   The parties shall prepare a joint statement of the case in

26 plain concise language which will be read to the jury at the

27 beginning of the trial.  The purpose of the joint statement is to

28 inform the jury what the case is about.

1   The parties are reminded that pursuant to Local Rule 281
2   they are required to list in the Joint Final Pretrial Conference
3   Statement all witnesses and exhibits they propose to offer at
4   trial.  After the name of each witness, each party shall provide
5   a brief statement of the nature of the testimony to be proffered.
6   The parties may file a joint list or each party may file separate
7   lists.  These list(s) shall not be contained in the body of the
8   Joint Final Pretrial Conference Statement itself, but shall be
9   attached as separate documents to be used as addenda to the Final
10  Pretrial Order.

11      Plaintiff's exhibits shall be listed numerically.
12  Defendants' exhibits shall be listed alphabetically.  The parties
13  shall use the standard exhibit stickers provided by the Court
14  Clerk's Office: pink for plaintiff and blue for defendant.  In
15  the event that the alphabet is exhausted, the exhibits shall be
16  marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
17  number of letters in parenthesis (i.e., "AAAA(4)") to reduce
18  confusion at trial.  All multi-page exhibits shall be stapled or
19  otherwise fastened together and each page within the exhibit
20  shall be numbered.  All photographs shall be marked individually.
21  The list of exhibits shall not include excerpts of depositions,
22  which may be used to impeach witnesses.  In the event that
23  Plaintiff and Defendants offer the same exhibit during trial,
24  that exhibit shall be referred to by the designation the exhibit
25  is _first_ _identified_.  The Court cautions the parties to pay
26  attention to this detail so that all concerned, including the
27  jury, will not be confused by one exhibit being identified with
28  both a number and a letter.

8

1    The Final Pretrial Order will contain a stringent standard

2  for the offering at trial of witnesses and exhibits not listed in

3  the Final Pretrial Order, and the parties are cautioned that the

4  standard will be strictly applied.  On the other hand, the

5  listing of exhibits or witnesses that a party does not intend to

6  offer will be viewed as an abuse of the court's processes.

7    The parties also are reminded that pursuant to Rule 16 of

8  the Federal Rules of Civil Procedure it will be their duty at the

9  Final Pretrial Conference to aid the Court in: (a) the

10  formulation and simplification of issues and the elimination of

11  frivolous claims or defenses; (b) the settling of facts that

12  should properly be admitted; and (c) the avoidance of unnecessary

13  proof and cumulative evidence.  Counsel must cooperatively

14  prepare the Joint Final Pretrial Conference Statement and

15  participate in good faith at the Final Pretrial Conference with

16  these aims in mind.  A failure to do so may result in the

17  imposition of sanctions which may include monetary sanctions,

18  orders precluding proof, elimination of claims or defenses, or

19  such other sanctions as the Court deems appropriate.

20    VIII.   <u>TRIAL BRIEFS</u>

21    The parties shall file trial briefs not later than

22  **December 1, 2011** by **4:00 p.m.**  Counsel are directed to Local Rule

23  285 regarding the content of trial briefs.

24  ///

25  ///

26  ///

27  ///

28  ///

1

IX.   <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

Any evidentiary or procedural motions are to be filed by **November 23, 2011.**  Oppositions must be filed by **December 1, 2011** and any reply must be filed by **December 8, 2011.**  The motions will be heard by the Court at the same time as the Final Pretrial Conference.

X.   <u>TRIAL SETTING</u>

The trial is set for **February 21, 2012 at 9:00 a.m.**  Trial will be by jury.  The panel will consist of **eight (8) jurors.** The parties estimate a trial length of **three (3) days.**

XI.   <u>SETTLEMENT CONFERENCE</u>

At the Final Pretrial Conference, the Court may set a settlement conference if the parties so request.  In the event no settlement conference is requested, the parties are free to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

In the event a settlement conference is set by the Court, counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party, however, shall serve notice on all other parties that the statement has been submitted.  If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

10

1   Notwithstanding the foregoing, the parties may request a
2   settlement conference prior to the Final Pretrial Conference if
3   they feel it would lead to the possible resolution of the case.
4   In the event an early settlement conference date is requested,
5   the parties shall file said request jointly, in writing.  The
6   request must state whether the parties waive disqualification,
7   pursuant to Local Rule 270(b), before a settlement judge can be
8   assigned to the case.  Absent the parties' affirmatively
9   requesting that the assigned Judge or Magistrate Judge
10  participate in the settlement conference AND waiver, pursuant to
11  Local Rule 270(b), a settlement judge will be randomly assigned
12  to the case.

13          XII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

14      Upon the stipulation of the parties in their February 24,
15  2010 Joint Status Report, this matter is hereby referred to the
16  Voluntary Dispute Resolution Program.

17          XIII.  <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

18      The parties are reminded that pursuant to Rule 16(b) of the
19  Federal Rules of Civil Procedure, the Pretrial Scheduling Order
20  shall not be modified except by leave of court upon a showing of
21  **good cause.**  Agreement by the parties pursuant to stipulation
22  alone to modify the Pretrial Scheduling Order does not constitute
23  good cause.  Except in extraordinary circumstances,
24  unavailability of witnesses or counsel will not constitute good
25  cause.
26  ///
27  ///
28  ///

11

1    XIV.  <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

2         This Pretrial Scheduling Order will become final without

3    further order of the Court unless objections are filed within

4    seven (7) *court* days of service of this Order.

5         IT IS SO ORDERED.

6    Dated: April 5, 2010

7

8                                    _____

9                                    MORRISON C. ENGLAND, JR.
                                     UNITED STATES DISTRICT JUDGE

12